## Rau Manufacturing Company v. Townsend.

**1.** EVIDENCE—*Books of Accounts.*—It is error to allow a witness to testify as to the effect of books of account instead of putting the books themselves in evidence.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Appeal from justice's court; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed June 14, 1893.

The opinion states the case.

A. C. WENBAN and LAWRENCE PROUDFOOT, attorneys for appellant.

FRANK F. DOUGLASS, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

The appellee sued for salary and commission on sales as manager for appellant.

It is urged that he obtained a verdict against the evidence, and that claim is based upon the testimony of a witness for the appellant, who testified at great length, over the persistent objections of the counsel for the appellee, as to the effect of the books (present in court) of the appellant, instead of putting the books themselves (kept under the superintendence of the appellee) in evidence.

No such testimony should have been admitted. It was not necessary in any view of the case. If the books had been put in evidence, all that the witness said about them could have been said by counsel in argument, if the books furnished the basis.

Whether the verdict is contrary to wholly incompetent testimony we hardly need inquire.

Had the books been put in evidence the jury would, under the statute, have taken them to the jury room when they

retired to make up their verdict; but not being in evidence, the books could not be seen at all by the jury.

It is true that the counsel for the appellant offered the books in evidence, and the counsel of the appellee objected and the court overruled the objection. But nothing was done under the offer. Not a syllable copied, or compiled from copy in the record, from the books, is in the abstract.

There is no ground upon which the verdict can be disturbed, and the judgment is affirmed.